IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NAVEED THOBHANI,

    Petitioner,                   No. 2:12-cv-2194 LKK GGH P

    vs.

MICHAEL VAUGHN, et al.,

    Respondents.              FINDINGS and RECOMMENDATIONS

_____/

        Petitioner, an alien detained by the Department of Homeland Security ("DHS") at Yuba County Jail, and proceeding through counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner seeks an order to show cause on the habeas petition, and has also filed a motion to stay his removal by DHS.

        On August 30, 2012, the district judge denied petitioner's application for a temporary restraining order. See Doc. No. 14 (minute order).

        Respondents have moved to dismiss the petition as moot because, on August 31, 2012, petitioner was removed pursuant to a final order of removal issued by the Board of Immigration Appeals. See Doc. No. 15, Ex. A. For the reasons outlined below, respondents' motion should be granted, and the petition should be dismissed as moot.

\\\\\

1

Background

According to the petition, petitioner has been arrested multiple times. See Doc. No. 1 at ¶ 10. In 2004, petitioner was convicted of felony attempted sale of cocaine, in violation of Kansas law, and also of felony aggravated arson, also in violation of Kansas law. Id. In 2005, petitioner was placed in removal proceedings, and, after a hearing, was placed under an Order of Supervision. Id. at ¶ 11. After petitioner failed to appear at a noticed reporting date, he was picked up by Immigration and Customs Enforcement ("ICE") officials and placed in detention. Id. at ¶ 14. Petitioner then moved to reopen his proceedings with the Board of Immigration Appeals, which motion was denied on June 26, 2012. Id. at ¶ 15. The petitioner then filed a timely petition for review with the Court of Appeals for the Eighth Circuit, along with a motion to stay removal pending review. Id. The Eighth Circuit denied petitioner's stay motion on July 23, 2012. Id.

Petitioner then applied twice for a stay of removal with the local ICE office, and both applications were denied. Id. at ¶ 17. According to petitioner, the Assistant Field Director in Sacramento has also denied petitioner's request for a stay. Id. at ¶ 4.

In his petition, petitioner argued that a mis-communication by ICE confused him, and that ICE did not properly notify him of his appearance date under his Order of Supervision. See Doc. No. 1 at ¶ 21. He also argued that the BIA incorrectly denied his motion to reopen. Id. He claimed that he should not be deported without consideration of his petition for review at the Court of Appeals for the Eighth Circuit. Id.

As relief, petitioner sought a writ to Respondents to refrain from removing petitioner to Pakistan pending the review of his petition before the Eighth Circuit. See Doc. No. 1 at 1, 10-11. Petitioner additionally moved for a stay of removal (Doc. No. 5), and a temporary retraining order staying his removal (Doc. No. 10). On August 30, 2012, after a hearing, the court denied petitioner's motion for a temporary restraining order. See Doc. No. 14.

\\\\\

1 | Respondents now move to dismiss the petition, arguing that the petition is moot
2 | because petitioner was removed on August 31, 2012. See Doc. No. 15 at 1, Ex. A.
3 | Analysis
4 | Generally, deportation from the United States after filing a habeas petition does
5 | not necessarily moot a detained alien's claim if there is some remaining "collateral consequence"
6 | that may be redressed by success on the petition. See Abdala v. I.N.S., 488 F.3d 1061, 1063-64
7 | (9th Cir. 2007). However, where a petitioner only requests a stay of deportation, as petitioner did
8 | in this case, his habeas petition is rendered moot upon his deportation. Id. at 1064. "In such
9 | situations, the habeas petitions raised claims that were fully resolved by the release from custody.
10 | Thus, the petitioners' claims were rendered moot because successful resolution of their pending
11 | claims could no longer provide the requested relief." Id. at 1064-65. See also Kaur v. Holder,
12 | 561 F.3d 957, 959 (9th Cir. 2009); Hose v. I.N.S., 180 F.3d 992, 995 (9th Cir. 1999) (en banc);
13 | Picrin-Picrin v. Rison, 930 F.2d 773, 776 (9th Cir. 1991).
14 | In this case, petitioner sought only to stay his removal pending review of his
15 | petition in the Court of Appeals for the Eighth Circuit. He has now been removed, and
16 | accordingly a successful resolution of his pending claims could no longer provide the requested
17 | relief. The petition is moot, and the government's motion to dismiss should be granted.
18 | In accordance with the above, IT IS HEREBY RECOMMENDED that:
19 | 1. Respondents' motion to dismiss (Doc. No. 15) be granted;
20 | 2. Petitioner's motion for a stay (Doc. No. 5) be denied as moot; and
21 | 3. The action be dismissed, and the Clerk be directed to close this action.
22 | These findings and recommendations are submitted to the United States District
23 | Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen
24 | days after being served with these findings and recommendations, petitioner may file written
25 | objections with the court. The document should be captioned "Objections to Magistrate Judge's
26 | Findings and Recommendations." Petitioner is advised that failure to file objections within the

1  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
2  F.2d 1153 (9th Cir. 1991).
3  DATED: October 16, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:rb
thob2194.fr